Good morning everyone. The first matter is U.S. v. D Ambrosio. Ms. Taylor. May it please the court, good morning your honors, my name is Meredith Taylor for the United States. I request to reserve one minute for rebuttal. The United States is requesting that this court reverse the district court's decision. Well we know what you're asking us, but the standard here is so permissive. Seems to me whichever the district court may have ruled, whichever one, had he led it in or not kept the evidence in, we'd be hard put to say that it was an abuse of discretion. Why am I wrong about that? It is a very permissive standard your honor, that's correct, but in this case the district court was completely unreasonable in... Well wait, wait, wait, wait, wait. You can say maybe the court abused his discretion, you can say he was completely unreasonable, he was concerned that your expert, the testimony did not go to the elements. It doesn't go to the elements, you're not submitting it to the elements, you're saying that it goes to the dynamics of sex trafficking, the background of sex trafficking, the culture of sex trafficking, and there's some statements in your brief which I find a bit confusing. Why is what the district court did so unreasonable? We're not offering Dr. Cooper's testimony to prove any of the elements of the case, that's correct. However, Dr. Cooper's testimony is critical in helping the jury understand the dynamics of trafficking... Why do you have to understand that? Because... The elements of the offense are very clear, the women were taken across state lines for the purposes of engaging in basically the commercial sex trade, that's not exactly what the statute says. What does it understand about that? It's like asking someone what time it is and you're told to make a watch. What's important about Dr. Cooper's testimony is that she's going to provide the jury with information that will help them assess the credibility of the witnesses. The witnesses in the government's case... How is that permissible? How is that permissible to have a witness help the jury assess another witness's credibility? What rule of evidence supports that proposition? I think... What rule of evidence supports that proposition? That sort of testimony is permissible for that purpose. 702 allows expert witnesses to... To understand things, but not to assess the credibility of other witnesses. And I believe her testimony will help the jury understand the background and culture that the witnesses are going to be testifying about. I'll tell you, if you're offering this evidence, which is what they're arguing, if you're offering this evidence to help the jury assess credibility, then you're in rule 608. And it seems to me the district court was clearly... That was his concern, that introducing an expert witness to bolster a witness's credibility. That's exactly what his concern was. That's what their concern is. And you just stated that. Well, no, Your Honor, we're not introducing her testimony to bolster the witness's testimony because... To bolster credibility? We don't have something you can read back. But didn't you just say that? I said that they... We're introducing Dr. Cooper's testimony to help the jury assess their credibility. What's the difference between assessing credibility and bolstering credibility? She's testifying as a blind... She would be testifying as a blind expert in this case. She doesn't know anything about these specific witnesses. She's never been provided with anything about this case. So she can't be impeached. So she's a good witness because she bolsters your witness's credibility. Because you can't impeach her with bias. That's what you're arguing. No, Your Honor. What I'm indicating is that she's not going to testify about anything specific to these witnesses in terms of Rule 608 that would go to the truthfulness of what they would be specifically testifying about. Sure. You just said they were. You just said they were. You just said that this witness was going to help the jury assess the credibility of the victim witnesses that were. How is that not smack in the face of 608? Because what she's going... What the witnesses are going to testify about in this case is going to be so incredible to the average juror because... What is incredible about prostitution? Some say it's the oldest profession in the world. Because, Your Honor, there's a difference between prostitution and human trafficking. And because of the way the district court summarily excluded her testimony and the lack of record in this case, we did not fully get a chance to explain that. Help me understand this. Maybe I'm just more... Some would agree with this. My mind may be more corrupt and polluted than others. I'm a juror, okay, and I came up with the most puritanical background in the world. I hear testimony that there's a guy who, or maybe a group of guys, who ended a relationship with some women, decided to take them across a line which is a state line. And once they get across that line, he has the women engage in sex acts for money, and he gets them to profit. Are you telling me that I'm too provocal to grasp that? That there's something I need to understand about that dynamic? Why do you have to turn on TV for that? Why is that hard to understand? The primary charge in this case, Your Honor, is sex trafficking of minors. So there's actually not... So now I need help to understand they're less than 18 years old? No, Your Honor. The issue's going to be that while the witnesses are going to testify about information that's going to provide the elements of the offense, they're also going to give the rest of the story about what was happening during their relationship as a victim of the trafficking and their traffickers. And while 90% of it, I would agree with the court, the average juror may comprehend that last 10%, the juror's going to hear, such as... So, Ms. Taylor, is your point that you want to use this witness to support credibility of a witness or to demonstrate plausibility of the theme of your case? Why? Because as I understood the tenor of what the expert's testimony was going to be, it was going to be to explain why this tableau, if you will, of evidence makes sense, why it's logical, that the government's concern was to a juror it may not seem logical, it may not add up, it may not make sense, and that what your expert was proffered for was not to demonstrate the truthfulness of one or more of the witnesses, but to say that this theme is plausible. It is not inconsistent with the world. Am I drawing a different distinction than you argued to the district court? That's it, exactly, Your Honor. It's not inconsistent with the subculture that these witnesses and these traffickers were living in, this subculture of human trafficking. So let me ask you this. Was your appeal... Did you have sort of an itchy trigger finger? Because did the trial judge say that you could not put this in unless there was a rebuttal case, or would the trial court have been open to your expert testifying after the cross-examination of your victims, who were going to be part of your case in chief? Was the trial judge really just regulating the order of the testimony within the government's case in chief? Well, Your Honor, what happened was, initially, it was a flat-out exclusion. The expert was completely excluded. Once we filed the notice of appeal, the following day, the district court had a conference with all counsel where exactly what Your Honor is suggesting, the district court suggested, perhaps as a compromise, if we did not want to pursue the appeal and wanted... Because at that point, we had already selected a jury. The jury had been selected at the time that the defense filed this motion in Lemonnier to exclude the expert. So, as a compromise filing our notice of appeal, the district court suggested that it would consider allowing the expert's testimony on rebuttal. My question, and I asked an imprecise one, was, was your appeal premature in the sense that if your victims testified, and they're cross-examined, and then you ask the district judge as part of your case in chief, judge, now we want to put the expert in because our victims have been attacked on cross. It goes to the plausibility of the evidence. Now we want to put the expert on. Maybe he would have allowed you at that point as part of your case in chief. In fact, at that point, it would be relevant, excuse me. But only at that point. I'm not sure what the district court would have done at that point, Your Honor, because what we had then was an order from the district court completely excluding her testimony, indicating we only had a two-sentence order that said. But what you have now is an opinion allowing this testimony to be introduced as appropriate in rebuttal evidence, the way I read it. And that's very similar to the scenario you had in Anderson from the district, the D.C. Circuit, where the expert testimony was permitted to rebut the suggestions made on cross-examination, right? We have that now, Your Honor, but right now. So you could have withdrawn the appeal, is what I'm asking. You appealed the opinion from the district court allowing this testimony to be admitted as rebuttal testimony. We have that now, Your Honor, but that memorandum of opinion was filed after we filed the notice of opinion. I get that, but that's what's in front of us. That's what's in front of us, not the two-sentence order you referenced earlier. What's in front of us is the district court's opinion allowing this testimony to be admitted in rebuttal, right? That is correct. So I'm trying to guess, why are we here? I mean, what's wrong with that? It seems to me what the district court is saying it would allow is exactly the purpose for which it wanted to use the testimony, and it eliminates the issue of bolstering credibility. Because, Your Honor, we can't rely on the hope that there's going to be the opportunity for a rebuttal case. Well, he's not talking about a rebuttal case. It's not relevant until there is such. Not a rebuttal case, but it's really not relevant unless the defense opens the door. Just think what happened in Anderson. They opened the door suggesting that they weren't being pimped, but they were engaging in a lavish lifestyle. The judge allowed it in Anderson to rebut that suggestion that was developed on cross-examination. Can't you just call her as your last witness in your case in chief? With all due respect, what the district court had offered to us was not that option, but was if. The point is, look, today is today, right in front of the statement. Today we have the opinion of the district court which says what Judge Hornak just submitted to you, that if you put your witnesses on and this cross-examination to suggest that they're lying, either there will be no cross-examination, in which case you're going to be pretty happy because you're going to win. You put your case on. There's no cross-examination or impeachment, nothing. Or there will be cross-examination, at which point the kind of testimony you're offering may well be very relevant. And just wait until that happens, and it's what the district court is offering. It's what Judge Hornak just suggested would have been appropriate to begin with with this witness, and the case is resolved. But, Your Honor, that actually doesn't address the problem that we have, which is the credibility of the witnesses is always going to be an issue. Wait a minute. You start talking credibility, you put your foot right in your mouth. If you're arguing credibility, then it seems to me this is a slam dunk and the judge is absolutely right and they win. It doesn't mean that you have to make an argument. If what you're saying is credibility, you want to put this witness on to bolster credibility. And so Judge Chakla said that's totally inconsistent with Rule 608, and I get the feeling that's what's really going on here. You want to bolster the credibility of these witnesses with an expert. That's what this case is really about. But in rethinking it for the brief, that's not going to fly. So there's the dynamics of the trade and the background and educate the jurors about things they may not be familiar with. That keeps them in the brief. But what's really going on here is we want to bolster credibility. No, it's not to bolster their credibility as... You just said that. You just said that. What language in Rule 702 would allow you to bolster a witness' credibility? You suggested to us that you wanted to introduce this under 702, and you suggested to us ten minutes ago that you wanted to bolster their credibility. So what language in 702 allows an expert witness to bolster a witness' credibility? Tell me what language in 702 exists. The language I'm relying on, Your Honor, is the language that indicates that an expert... Read the language to me. ...that an expert witness is permitted to assist the jury with understanding. It's the understanding language that I would direct the court to. And that's typically when it's testimony or scientific evidence is beyond the ordinary understanding of a lay person. But that's exactly what other courts who have taken up this issue have said. The Taylor Court in the Ninth Circuit, the Brooks Court in the Ninth Circuit. Those are drug cases, and that's pretty different. If you have testimony about a drug trade or the course of business within a drug enterprise, and you have testimony about conduct which might be relatively innocuous, things are packaged, the meaning of certain conversations that are overheard or intercepted, that's very different because then you need an expert to say, well, this packaging is consistent with packaging using the drug trade. That's not what's going on here. Your Honor, those are cases that are human trafficking cases that I'm referring to. Okay. And the court already recognized the Anderson case in the D.C. Circuit. Anderson is a pretty close analogy that we have right now, where the testimony was admitted, as I read Anderson, to rebut the suggestion that was presented by the defense on cross-examination. That's what happened in Anderson, right? That is procedurally what happened. Right, and that's where we are. That's procedurally where we are. And the Taylor decision, and I believe some of the district court decisions, including King out of Hawaii, the Williams case, which was a middle district case in Pennsylvania, and Davis out of the District of Connecticut, are more analogous to what we're arguing that is relevant and permissible in the government's case in chief. Thank you, Your Honor. Okay. Mr. Obama, is that correct? A-bomb, Your Honor. A-bomb. Sort of like the atomic bomb without the A-bomb. I'm not in the position to have an interest in A-bomb. Mr. A-bomb, isn't your concern here not the admissibility of the evidence, but the argument you fear will be made from it, which is the argument we've heard today? Wouldn't the evidence be perfectly permissible and relevant under 401 and 402 to come in if the purpose was to explain the plausibility of the theme that the United States wants to prove at trial? And your objection would come if Ms. Taylor or one of her colleagues stands up and says to the jury, and you should believe these girls because of what you heard from the expert. Isn't that, wasn't your motion to eliminate one argument too soon? May it please the Court, Your Honor, A-bomb from Carlisle on behalf of Anthony D'Ambrosio with co-counsel, and I've been designated to argue an answer to your question is yes in part because it was in part because we saw that the motion was on several grounds, 401, 402, and 403, because in addition to the idea of bolstering credibility, because I believe that every time the government says helping to understand the subculture, helping to understand the dynamic, essentially what they're saying is helping to understand why the witnesses we have may not be truthful. And so in essence, it's another way of saying bolstering credibility. So to that extent, yes, but also if you look at their notice that they gave to us, initially it said the psychology of victimization. And then immediately thereafter when we asked for what exactly is the opinion, because it was a one-sentence notice we were given, this is what this witness is going to testify to, and that notice came with a separate expert who was going to testify about prostitution and the business of prostitution. So they do have somebody to explain the business, the workings of prostitution. But back up again, there was some other expert who was going to talk about the business of prostitution? That is correct. You don't object to? Well, we didn't file a motion to eliminate to, but again we didn't ask for the detailed explanation of what he was going to say. That sounds to me like you don't object. Well, he hadn't been called as a witness yet. So in all candor, the four of us, the one who's not here as well, the co-counsel, we were given a mountain of information immediately before trial and we're scrambling to get some of these done. But that said, I find that to be less objectionable. Why is that less objectionable? Because that is not victim impact testimony, which is essentially what I think the second part of what this is in answer to your question, Judge, is that it was the health care problems related to the actions of traffickers, as they call it, the barriers to exiting. In some of their opinion information, it was not the likelihood of deaths, but what causes death in people with these and that minors are more vulnerable to this type of activity. All of those things, I would suggest to the Court, it makes this impermissible victim impact testimony. Would it ever be relevant and admissible? I want to go back to the Anderson case. So would this testimony ever be relevant, therefore admissible from your perspective? And what would have to happen? I think it could be relevant. And may I address the – because in the Anderson case, which seems to be the first case, that's a 1988 D.C. circuit that we know about, and then there were two following cases both that pointed to the Anderson case. The Anderson case, if you look at it, said it was relevant as we pointed out or as you pointed out on cross-examination once the door was open. However, they then went through the 403 analysis, and in their opinion, they indicated that the claims of prejudice reflect legitimate concerns, that viewing the trial record as a whole, it does – Well, they found it as harmless error is what they found. Correct. But in other words, they would have – it seems to me that it was an error to allow it on 403 grounds. Now, the judge in our case didn't get to that point. He said it wasn't relevant. And the first question you asked Judge McKee was, is this within the discretion of the judge? He could have permitted it. He could have not permitted it. I think we would have a very difficult argument to argue that he permitted it. I think it's within the judge's discretion. We think it was clearly reasonable. But in any event, if it's just reasonable, what it is not is clearly unreasonable. And therefore, we don't think Judge Carwell abused his discretion in doing so. When would this be relevant from your perspective? When would this sort of testimony – What would have to happen for you to open the door? I haven't heard the testimony of the witnesses, so I don't know. You've seen the report. Well, I've seen witness statements and other things like that. I don't know which ones they believe are going to lie or not be truthful. That doesn't help. It's a theoretical question. Under what circumstances would this be relevant and admissible? I can't think of one. What about the analogizing it to the drug cases of Walker in those cases? Well, I think in those cases, in my role, I see that as bolstering, as supporting. Because an expert in such a nation – You can argue that's bolstering credibility. And it's going to mens rea, which is the language the courts use. And none of the courts agree with that. Well, I agree with what you've just said. While I personally disagree with it, I understand that it has been permitted. But I think it went into sort of the mechanics of how things worked as opposed to the psychology of victims, victims who have not been examined by their legislative witness. Well, let's assume you have a client, and that may not be you, but one of your colleagues before you at trial here, one of your colleagues suggests on cross-examination that the victims took great comfort in their abductors, that they were not there against their own will, that they enjoyed the lifestyle. Would that open the door?  You're one of the first. No, no, no, no. I was designated by staff for them to ask me that question. They're saying you're one. No, no. It's your show. I would say under that circumstance it may, but nevertheless – I don't know the questions that were asked. I do know that the judge found that they opened the door on cross-examination to allow the testimony to be presented in the government's case in chief. If they were asked that, I guess that, you know, does that go to any of the elements of the offense? And it's a question of whether that – Well, sure. They were held against their will. If there's an argument that they weren't being held against their will, they were there voluntarily. Well, I think – but that's not one of the elements of the offense, is holding against one's will. But it is an enticement. I can see that there's an enticement. One of the many ways, recruiting, enticing, and other things like that, and to argue that in the beginning, somehow to explain how the enticement took place, I could see – He says it again, but like Anderson, he liked the lifestyle. He liked the lifestyle, liked the flashy clothes, liked to have a lot of women around him, but there was absolutely no expectation they'd engage in sex for commercial purposes and kick back any money to him. That wasn't what it was about. Why would – that seemed pretty clear it would open the door. Well, I think it would open the door more. I would agree with that. But I do note that the judge, at least in the opinion in Anderson, they said to our review that the Dr. Lee's testimony was not necessary to prove the government's case or even to the jury's understanding of the way in which pimps operate. But is a trial lawyer, whether it's for the United States or defendant, required to try only a minimalist case? That's not the standard of relevance. The judge has the ability under 403 to say something's become duplicative or a waste of time or cumulative, but there's no rule of law that says a trial judge should make sure that the lawyers only try the minimal case that's necessary to try. So the United States Board of Defense isn't required to just do the minimum. I agree. And that's Old Chief. That's the Supreme Court's decision in Old Chief. That's at the base site. That's where it says. Well, I agree. And if this were – I mean, at this point, we don't see it as being relevant. I think the judge made the correct decision. Whether or not, hypothetically, it becomes relevant in the future would have to be a decision made by the judge at the time that the testimony is offered. But at the time that he made the decision, the decision which we were reviewing, we think he did not abuse his discretion. So then what sort of guidance could we provide the district court in terms of one that would be relevant? Well, I don't know if you want to get into the weeds on each individual case. I don't know. No, no, we just – I haven't given that thought. Kind of a broad brush. But it's – I think under what has been permitted under terms of how organizations work, there's been case law saying that that's admissible. Again, I don't think the psychology of how generally the general psychology of things work should be admitted at all unless – I mean, you're really making more of an expert – should the testimony be permitted in the form of an opinion at all because it doesn't fit the case, as opposed to whether or not it's relevant to help jurors understand an enterprise that they may not encounter in their everyday living? I would agree, and I would want to see this expert actually examine the witness to determine whether or not she's suffering from a condition that's so generally proposed. Are you making a Daubert challenge? There's no Daubert challenge in this expert, right? I'm sorry? There's no Daubert challenge, 702 challenge in this expert. There is not. And you don't anticipate making one, right? We do not. I don't think that they made any – well, in the previous case, I know the government cited to Williams, which was a middle district decision that was referenced in Judge Caldwell's opinion. And in that particular case – Is that Judge Kane's case? Sorry? That's Judge Kane's case? That's Judge Kane's case. And I'm sorry that I lost my train of thought, but Judge Kane, in that particular case, they did attempt to offer victim impact testimony, or I'm terming it that, but she characterized some of it as victim impact and did not permit that. And, in fact, I think there was a – this same expert conducted one-hour telephone interviews with some of the witnesses, the victims as they've termed them, and none of that was permitted. That did not meet a Daubert standard. But, in any event, the order was, as set forth in the court's opinion, and as Judge Hornak suggested, may be more appropriate. I won't force you to say it's appropriate. You'd certainly have less of a concern with that. This is the last witness called. It's still part of the government's case, but it's the last witness called, so that it's – and the judge can give a very careful instruction. This is not made into use for credibility at all. It's simply to provide the members of the business, if you accept the testimony, this may help explain the background, the dynamics, and the business of the enterprise, not in the legal sense, but the enterprise. That's something you'd have less of a problem with. I think that – I probably would object, but I think the judge would be in his discretion under those circumstances to permit it. Right. The question was that's something you'd have less of a problem with, not when you're not going to make it. I understand. What's the distinction between this witness, Dr. Cooper, and this other expert you've referenced as an expert on the business of prostitution? Well, in my mind, there's quite a bit of victim impact testimony. It's not going to appear in, you know, here's what you do. You go to the Internet, and you set up an ad. You give a phone number, and it goes to somebody. You make a call, things like that. That seems to be the nature. Now, what's your organization for drug? Correct. But in this case, again, it's the psychology of victimization. And the health care problems related, the barriers to exiting, trauma bonding. I can see how that might be developing if this is the last witness. I can see barriers to exiting possibly being – well, you're right about health care and all that other stuff. I don't know about that. Well, in the barriers to exiting, I would suggest, Your Honor, that you would need at least to have an examination of this person who's testified, not generally, because then I think it is victim impact unless this witness, this particular witness – So you would have – You'd still have a 702-fit argument. You'd say without that examination and tying it into these specific victims, it's opinion testimony that doesn't fit the case and therefore shouldn't come in at all. Correct. So it would be a Daubert challenge to Judge Restrepo's question. I agree. But I know that they didn't offer it that way. So I would – I guess if we got to that point, that's when the challenge would be made. But this witness has not interviewed any of the victims as far as you know? As far as I know. Thank you. Thank you. Thank you. Who's the other witness, and is there overlap between the witness that was referenced by defense counsel and Dr. Cooper? Your Honor, the other witness is Chief Detective John Gossert from the Criminal Investigation Division in Dauphin County, and he's testifying more about the terminology used, more likely a drug expert would be specifically. And it's my recollection that the defense actually has filed a motion in Lemonade to exclude him, which the court has not – the district court has not ruled on. But Mr. Avom indicated that he's framing the issue as the government's concern that the witnesses are going to be, I believe he said, not truthful or a lie, and that's not the concern. The concern is that they're going to give testimony like that they were providing all their money to the pimps in exchange for them holding their hand, or that after he was arrested they were putting money on – continuing to put money on their books, and that these things are just going to be incredible to the jury to believe, given what else they're going to hear, and that Dr. Cooper will provide a framework for the United States. Did the United States suggest to the trial judge, look, we're not going to call Dr. Cooper first out of the barrel. We're going to put her on at the end, and we're going to put her on only after there's been full examination of the victims? No, Your Honor, we did not. We indicated we were planning to call her first. First. Well, an easy way to resolve this, it seems to me. If you call her last, doesn't that at least allow the trial court to listen to your testimony and then make a determination as to whether or not this testimony would be relevant, which would be consistent with the trial court's memorandum of opinion? Again, Your Honor, yes, it would have, but that option was not provided to us. Sure it was. The opinion allowed you to do this. I mean, you're right, Your Honor, it is provided to us now. It was provided to you as soon as you saw the opinion. That's correct, Your Honor. Thank you, Your Honor. This is an example of just folks being incredibly litigious and bringing the last word in. And we'll take a matter under advisement. Thank you for your argument.